PEOPLE v BUTLER

Docket No. 327430. Submitted May 11, 2016, at Traverse City. Decided
    June 2, 2016, at 9:00 a.m. Leave to appeal denied 500 Mich 938.
  Rodney C. Butler was convicted following entry of his plea of guilty
  in the Ogemaw Circuit Court of second-degree home invasion,
  MCL 750.110a(3). The court, Michael J. Baumgartner, J., scored
  the guidelines and sentenced defendant within the guidelines
  recommendation to 3 to 15 years in prison. Defendant filed a
  delayed application for leave to appeal, challenging the scoring of
  the guidelines and the assessment of 20 points under the prior
  record variables (PRVs). Specifically, defendant argued that mis-
  demeanors that were not cognizable under the sentencing guide-
  lines could not be counted when applying the "10-year gap" rule in
  MCL 777.50, which prohibits consideration of any convictions
  that occurred before the gap if the defendant went a period of 10
  or more years between discharge from one conviction and his or
  her commission of a subsequent offense. The Court of Appeals
  granted defendant's delayed application for leave to appeal.

    The Court of Appeals *held*:

    A prior conviction that was not otherwise scorable under the
  prior record variables of the sentencing guidelines could, never-
  theless, be considered in applying the 10-year-gap rule of MCL
  777.50. The language in the statute was clear and needed no
  further interpretation. The doctrine of *in pari materia* did not
  require limiting consideration of convictions under MCL 777.50 to
  only those offenses scoreable under MCL 777.55. Both statutes
  serve a common purpose of limiting which prior convictions can
  be considered, but their limitations are different, and the under-
  lying purpose of their respective limitations is different, too. MCL
  777.55(2) limits which prior misdemeanors can be considered,
  regardless of when they occurred. Thus, similar to MCL 777.51
  through MCL 777.54, it considers the nature of the defendant's
  prior crimes and determines whether they should be scored under
  the sentencing guidelines based on the number and severity of
  the offenses. MCL 777.50, on the other hand, addresses the
  question of whether a defendant's prior criminal history should
  no longer be considered *at all* because of a period of time spent as

a law-abiding citizen. Having made this judgment, the Legislature reasonably insisted that that 10-year conviction-free period be free of all convictions, even those that would not otherwise count under the sentencing guidelines.

Affirmed.

GLEICHER, P.J., dissenting, disagreed with the majority's wholesale adoption of the term "conviction" without consideration of the limitations placed on the term in MCL 777.55(2). The general rule is that a recidivist deserves a harsher penalty than a first offender, but the Legislature carved out two exceptions from the general rule in drafting the sentencing guidelines: (1) a gap of 10 years or more between a discharge from a conviction and the commission of a subsequent offense wipes the PRV slate clean and (2) even when convictions are scored, certain offenses are off-limits because they are not predictive of future criminality and lack relevance to the proportionality principles underlying the guidelines. Limiting the term "conviction" in MCL 777.50 to mean only those convictions that can be counted under MCL 777.55 would be more in line with the policies that animate the sentencing guidelines in general and the scoring of PRVs in particular. The Legislature did not intend that a misdemeanor conviction too minor to be scored under MCL 777.55 nonetheless destroys a defendant's eligibility to benefit from the 10-year-gap rule. Judge GLEICHER would have remanded for application of the 10-year-gap rule and resentencing.

SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLES — 10-YEAR-GAP RULE.

A prior conviction that was not otherwise scorable under the prior record variables of the sentencing guidelines could, nevertheless, be considered in applying the "10-year gap" rule of MCL 777.50.

State Appellate Defender (by *Christopher M. Smith*) for defendant.

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

SAWYER, J. We are asked to determine in this case whether a prior conviction that is not otherwise scorable under the prior record variables (PRVs) of the sentencing guidelines may, nevertheless, be considered

in applying the so-called "10-year gap" rule of MCL 777.50. We conclude that it may.

Defendant was convicted by plea of second-degree home invasion[1] for an offense committed on May 11, 2014. He was sentenced within the guidelines recommendation, as scored by the trial court, to 3 to 15 years in prison. Defendant has an extensive criminal record dating back to 1984. But he acquired no convictions at all from 2001 until 2012, with the exception of a 2006 conviction related to an offense committed in 1993.[2] Depending on whether that 2006 conviction may be considered in applying the provisions of MCL 777.50, defendant's prior-record level under the sentencing guidelines and, therefore, the recommended minimum sentence range, will change significantly.

MCL 777.50 provides, in relevant part, as follows:

> (1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

> (2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the

---

[1] MCL 750.110a(3).

[2] It is unclear to us why such an extended period of time passed between the offense and the conviction, but the reason is not relevant to the disposition of this case.

discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

Under these provisions, if the 2006 conviction is considered, then there is no 10-year period in which defendant went without a conviction and, therefore, PRV 5 would be scored at 20 points because defendant had "7 or more prior misdemeanor convictions."[3] This is how the trial court scored the guidelines. On the other hand, if the 2006 conviction is ignored, then there is a period of more than 10 years from his discharge on May 17, 2002, for a 2001 conviction for what the presentence report describes as "A&B," until the commission of a felony drunk-driving related offense on September 3, 2012, for which he was convicted of operating while impaired, third offense.[4] In that case, defendant would have no scorable prior misdemeanor convictions, and PRV 5 should have been scored at zero points. We believe that the trial court properly scored the guidelines.

We review de novo questions concerning statutory interpretation of the sentencing guidelines.[5] In interpreting a statute, we first look to the statute's plain language.[6] If the statute's language is clear, we apply it

---

[3] MCL 777.55(1).

[4] MCL 257.625(9)(c).

[5] *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

[6] *People v Wiggins*, 289 Mich App 126, 128; 795 NW2d 232 (2010).

as written.[7] We find the language of MCL 777.50 to be clear and in no need of further interpretation.

Defendant's argument is based on the fact that the offense for which he was convicted in 2006 is not itself a scorable offense under PRV 5.[8] Defendant argues that, because the two statutes must be read *in pari materia*, only offenses scorable under MCL 777.55 may be considered in applying the 10-year-gap rule under MCL 777.50 in determining which offenses may be scored under PRV 5. We disagree.

This Court explained the *in pari materia* rule in *People v Stephan*[9] as follows:

> Under this doctrine, statutes that relate to the same subject or share a common purpose are in pari materia. Such statutes must be read together as one law, even if they contain no reference to one another and were enacted on different dates. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). . . .
>
> The object of the in pari materia rule is to further legislative intent by finding an harmonious construction of related statutes, so that the statutes work together compatibly to realize that legislative purpose. *Id.* Therefore, if two statutes lend themselves to a construction that avoids conflict, that construction should control. *Id.* Two statutes that form "a part of one regulatory scheme" should be read in pari materia. *In re Complaint of Southfield Against Ameritech Mich*, 235 Mich App 523, 527; 599 NW2d 760 (1999).

The flaw in defendant's reasoning is that it rests on the presumption that, for MCL 777.50 and MCL 777.55 to

---

[7] *People v Armstrong*, 305 Mich App 230, 243; 851 NW2d 856 (2014).

[8] MCL 777.55(2) limits the scoring of PRV 5 to prior misdemeanors and juvenile adjudications for offenses against persons or property, controlled substance offenses, weapons offenses, as well as various drunk-driving related offenses.

[9] 241 Mich App 482, 497-498; 616 NW2d 188 (2000).

be read harmoniously, only the same exact convictions may be considered under both sections. Defendant insists that they must be "interpreted consistently with the Legislature's judgment that only certain misdemeanors should be used in assessing the severity of a defendant's criminal history." We do not believe that is true.

Although both statutes serve a common purpose by limiting what prior convictions may be considered, the limitations are different, and the underlying purpose of each respective limitation is obviously different as well. MCL 777.55(2) serves to limit which prior misdemeanor convictions can be considered at all in scoring PRV 5, regardless of whether they occurred a week prior, a year prior, or a decade prior. The limitation is on the type of misdemeanor that the Legislature finds relevant in assessing a defendant's prior criminal history.

MCL 777.50, on the other hand, applies to the scoring of multiple PRVs, 1 through 5. Thus, if a 10-year gap between convictions exists so as to trigger the provisions of MCL 777.50, prior convictions of all sorts will be ignored: prior high-severity felonies (PRV 1),[10] prior low-severity felonies (PRV 2),[11] prior high-severity juvenile adjudications (PRV 3),[12] prior low-severity juvenile adjudications (PRV 4),[13] as well as prior misdemeanors (PRV 5). MCL 777.50 draws no distinctions between the types of crimes previously committed. When a defendant has gone 10 years between the discharge from a conviction and the commission of his or her next offense, all convictions, regard-

---

[10] MCL 777.51.

[11] MCL 777.52.

[12] MCL 777.53.

[13] MCL 777.54.

less of the crime, are to be ignored. The prior conviction could be a prior high-severity felony, such as second-degree murder,[14] but as long as the defendant does not commit another crime for at least 10 years after discharge from the murder conviction, that murder conviction would no longer be scorable under PRV 1.

In other words, the provisions of MCL 777.55, along with MCL 777.51 through MCL 777.54, consider the nature of the defendant's prior crimes and whether they are worthy of being scored under the sentencing guidelines, and points are to be assessed based on the number and severity of those offenses. MCL 777.50, on the other hand, addresses the question whether a defendant's prior criminal history should be considered *at all* because of a period of time spent as a law-abiding citizen. It reflects a judgment by the Legislature that, if a person is able to go 10 years without a new conviction, that person should be able to leave his or her criminal past behind, even if the person later relapses and is convicted of a new crime. In making this judgment, the Legislature, not unreasonably, insisted that the 10-year conviction-free period be exactly that: conviction-free. That is, free of *any* convictions, even ones that would not themselves be scorable under the PRVs. While the Legislature may not consider various minor misdemeanors relevant in assessing points under PRV 5, that does not compel the conclusion that it did not find those crimes relevant in determining whether a person had spent a sufficient period of time conviction-free such that a portion of his or her criminal past may be ignored and left in the past.

In sum, although MCL 777.50 and MCL 777.55 are obviously related, they nonetheless address slightly

---

[14] MCL 777.51(2).

different issues. Those issues reflect different policy choices made by the Legislature. And those policy choices do not require that the same convictions be considered in order to avoid a conflict between the two statutes, even when read *in pari materia*.

Defendant also makes an argument contrasting the legislative guidelines with the previous judicial guidelines. Specifically, defendant argues that in applying the judicial guidelines' 10-year-gap rule, the judicial guidelines referred to "any conviction,"[15] rather than the legislative guidelines' reference to a "prior conviction." Although that argument might be persuasive if we were comparing current legislative language to previous legislative language and, therefore, the change in language might signal a change in intent, we find it unremarkable that the Legislature chose to express itself differently than did the Supreme Court in authoring the judicial guidelines. Indeed, the reasoning of this Court in *People v Reyna*[16] in addressing the corresponding provisions of the judicial guidelines echoes our rationale here:

> With these definitions in mind, we do not believe that a conviction for purposes of determining the applicability of the ten-year rule need be a conviction for an offense which may be scored under the guidelines. Rather, we hold that any criminal conviction is sufficient to establish that the defendant did not have a ten-year period free of convictions. In so concluding, we also consider the fact that the guidelines do consider different prior convictions differently depending on the prior record variable involved. For example, the guidelines differentiate a prior high-severity felony (PRV 1) from prior low-severity felonies (PRV 2) as well as treating separately prior high-severity similar felonies (PRV 3) and prior low-severity similar felonies

---

[15] See *People v Reyna*, 184 Mich App 626, 631; 459 NW2d 75 (1990).
[16] *Id.* at 632.

(PRV 4). Thus, it is conceivable that the guidelines would
restrict those misdemeanor convictions which may be
scored as a prior misdemeanor conviction under PRV 6,
while taking a more expansive view of what constitutes a
conviction under the ten-year rule. We believe that the
emphasis under the ten-year rule is not on what offense
was committed, but whether the defendant was able to be
completely conviction-free for a period of at least ten
years. The simple fact of the matter is that defendant has
not been conviction-free for a ten-year period because he
committed OUIL within ten years of his discharge from
probation on his prior conviction.

While the source of the text being interpreted is
different, as well as the wording itself, we believe that
the rationale holds equally true today in interpreting
the legislative guidelines as it did over a quarter of a
century ago in looking at the judicial guidelines. Ac-
cordingly, we conclude that the trial court properly
scored the guidelines.

Affirmed.

M. J. KELLY, J., concurred with SAWYER, J.

GLEICHER, P.J. (*dissenting*). A defendant's sentence is
calculated by scoring offense and prior record vari-
ables. Prior record variables appraise a defendant's
history of criminal convictions. The higher the PRV
score, the longer the potential minimum term. This
approach comports with one of the principles of pro-
portionality underlying the legislative sentencing
guidelines: a recidivist deserves a harsher penalty
than a first offender.

The Legislature carved out two conspicuous excep-
tions to this maxim. A gap of 10 years or more between
the date of an offender's discharge from a conviction
and his commission of a subsequent offense wipes the

offender's PRV slate clean. In other words, an offender who achieves a 10-year crime-free period avoids a PRV penalty for his or her previous criminal record, regardless of the record's length, depth, or breadth. In this circumstance, a substantial interval of life inside the law palliates punishment.

And even when convictions *are* scored, the Legislature deems some offenses off-limits for PRV purposes. A misdemeanor counts only if it is classified as an offense against a person or property, a controlled-substance or alcohol-related crime, or a weapons-related offense. MCL 777.55(2). In enacting this rule, the Legislature evidently judged that minor misdemeanors should not enhance a PRV score and thereby subject an offender to greater punishment. Why not? Likely it is because minor misdemeanors simply lack relevance to the proportionality principles underlying the sentencing guidelines. The commission of nonviolent offenses unrelated to drugs or alcohol only weakly predicts future dangerousness and does not reflect an incorrigible propensity for disobeying the law. Leaving such convictions out of the mix does not violate the tenet that repeat offenders merit longer sentences than newcomers to the criminal justice system.

The question presented in this case is whether the Legislature intended that a misdemeanor conviction too minor to be scored under the guidelines nonetheless destroys a defendant's eligibility to benefit from the 10-year-gap rule. The majority focuses on the word "conviction" used in the rule's articulation, and defines the word capaciously to encompass *all* convictions, including those otherwise exempt from scoring under the guidelines. In my view, a narrower construction is warranted. Limiting the reach of the term "conviction"

to those convictions relevant to PRV calculation comports with the policies that animate the sentencing guidelines in general and the scoring of PRVs in particular. I respectfully dissent.

I

Defendant has a long criminal record. He began committing crimes in 1984, when he received probation and 90 days' incarceration after pleading guilty to unlawfully driving away an automobile, MCL 750.413. Between 1984 and 1989, he acquired eight additional convictions. Defendant avoided prosecution between 1989 and 1992. In May 1993, he pleaded guilty to malicious destruction of personal property under $100 and assault and battery. In November of that year, he was arrested for "False information to Police; Seatbelt." Defendant spent 10 days in jail for resisting arrest in 1995. He pleaded guilty to open intoxication in 1999 and to assault and battery in 2000. Between September 2000 and September 2012, defendant's record reflects no convictions of any kind.

For unknown reasons, defendant's November 1993 arrest for "False information to Police; Seatbelt," remained unresolved until 2006, when defendant entered a "[p]lea by mail" to the charge. This 2006 plea destroyed defendant's 12-year conviction-free gap. But for the delayed 2006 plea by mail, it is indisputable that defendant's many convictions before 2000 could not have been scored under the PRVs.

The impact of scoring defendant's older crimes is substantial. When the old offenses are counted, defendant's minimum guideline sentencing range for his current offense adds up to 29 to 57 months. Without them, the sentencing range drops 12 to 24 months.

II

The statutes at issue in this case (MCL 777.50 and MCL 777.55) are both located in Part 5 of the legislative sentencing guidelines, MCL 777.1 *et seq.* Part 5 addresses the scoring of PRVs. The word that separates me from the majority—"convictions"—is not expressly defined in Part 5 or anywhere else in the sentencing guidelines, despite that in § 50(4)(a), the Legislature provided two specific examples of convictions that fall within the definition.[1] I believe that the best way to locate the Legislature's intended meaning of convictions in § 50(2) is to consider the language and design of the statutory provisions in which the word is embedded, in the light of the overall object of the guidelines.

The sentencing guidelines were enacted to facilitate proportionate sentencing, *People v Smith*, 482 Mich 292, 305; 754 NW2d 284 (2008), and "to insure that sentencing decisions are based on a consistent set of legally relevant factors," *People v Whitney*, 205 Mich App 435, 436; 517 NW2d 814 (1994). Reading the two interrelated statutes *in pari materia*, harmonizing rather than isolating their provisions, compels me to conclude that because defendant's 2006 plea to a minor misdemeanor was not scorable as a PRV, it should not have been used to disrupt his otherwise "clean" 12-year period.

---

[1] MCL 777.50(4) states:

As used in this part:

(a) "Conviction" includes any of the following:

(*i*) Assignment to youthful trainee status under sections 11 to 15 of chapter II.

(*ii*) A conviction set aside under 1965 PA 213, MCL 780.621 to 780.624.

MCL 777.50 applies generally to the "scoring [of] prior record variables 1 to 5." MCL 777.50(1). The statute instructs that when scoring PRVs 1 to 5, a court should "not use any conviction . . . that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication." MCL 777.50(1). MCL 777.50(2) describes the mechanics of the 10-year-gap rule as follows:

> Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

Thus, the statute sets the temporal boundaries of the 10-year gap as the defendant's "prior conviction or juvenile adjudication" and the date of his "sentencing offense." MCL 777.50(2). When 10 years or more separates these events, a defendant may not be penalized for crimes committed before the gap period commenced.

MCL 777.55 describes the scoring of PRV 5, which concerns misdemeanors and misdemeanor juvenile adjudications. The categories "prior misdemeanor convictions" and "prior misdemeanor juvenile adjudications" are defined for the purposes of scoring PRV 5 as follows:

> (a) "Prior misdemeanor conviction" means a conviction for a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the conviction was entered before the sentencing offense was committed.
>
> (b) "Prior misdemeanor juvenile adjudication" means a juvenile adjudication for conduct that if committed by an adult would be a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the order of disposition was entered before the sentencing offense was committed. [MCL 777.55(3).]

Important limits, however, restrict the reach of the broad term "prior misdemeanor conviction" used in § 55(3). Specifically, § 55(2) directs that a court scoring PRV 5 may "count a prior misdemeanor conviction or prior misdemeanor juvenile adjudication *only if* it is an offense against a person or property, a controlled substance offense, or a weapon offense," or if it constitutes a "prior misdemeanor conviction[] . . . for operating or attempting to operate a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive while under the influence of or impaired by alcohol, a controlled substance, or a combination of alcohol and a controlled substance." (Emphasis added.) I suggest that the Legislature omitted many misdemeanors from PRV consideration both because such convictions have little predictive value and because, by counting them, there is a risk that a sentence may become disproportionate.

Defendant's 2006 conviction for providing false information to the police, MCL 257.324(1)(h), a misdemeanor under the Michigan Vehicle Code, MCL 257.1 *et seq.*, is an uncountable offense. For precisely the same reasons that the Legislature exempted this crime from scoring under MCL 777.55, it should not serve to interrupt defendant's otherwise conviction-free, 12-year gap period.

"Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007). As our Supreme Court recently explained,

> "[I]n the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same *general* purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times, and contain no reference to one another." [*Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, 652; 852 NW2d 865 (2014), quoting *Rathbun v Michigan*, 284 Mich 521, 543; 280 NW 35 (1938) (emphasis added).]

MCL 777.50 and MCL 777.55 relate to the same subject, share the same general purposes, and were enacted together. In my view, they must be interpreted *in pari materia*. The *in pari materia* canon of statutory interpretation has deep roots in Michigan's jurisprudence and is frequently employed to reconcile apparent inconsistencies and definitional lapses by finding meaning through consideration of related statutes addressing the same subject matter.

The majority uses a different canon—plain meaning—to conclude that "conviction" means exactly that and no further interpretation bears contemplation. According to the majority, although the two stat-

utes "serve a common purpose of limiting what prior convictions may be considered, the limitations are different, and the underlying purpose of the respective limitations are obviously different as well." The majority concedes that MCL 777.55(2) limits "the type of misdemeanor that the Legislature finds relevant in assessing a defendant's prior criminal history," yet holds that MCL 777.50 "reflects a judgment" that "the 10-year conviction-free period be exactly that: conviction free." I don't disagree that this is one possible interpretation of the term "conviction" as used in § 50(1). It's just not the most accurate one.

The majority hinges its "plain meaning" analysis on the rationale expressed in *People v Reyna*, 184 Mich App 626, 632; 459 NW2d 75 (1990), in which this Court considered whether an unscorable misdemeanor extinguished the defendant's ability to utilize the 10-year-gap rules set forth in the *judicial* sentencing guidelines. Notably, those guidelines included a specific definition of the word "conviction,"[2] and that definition (appropriately) controlled the Court's decision. The legislative sentencing guidelines do not include a definition of "conviction," an omission I find telling.

As did the judicial guidelines, the legislative guidelines include a 10-year-gap rule. Had the Legislature intended application of the 10-year-gap rule enunciated in MCL 777.50(1) to mirror application of the judicially created rule, it would have enacted the judicially created definition of "conviction." Examining the Legislature's words in linguistic and historical context signals that the Legislature did not intend to "affirm" *Reyna*. Rather, the Legislature omitted a defi-

---

[2] Under the judicial guidelines, a "conviction" was defined as "criminal charges to which the defendant pleads guilty or is found guilty in a court of law." *Reyna*, 184 Mich App at 632.

nition of "conviction" and included only limited examples in MCL 777.50(4)(a).

Our Supreme Court has elucidated regarding the *in pari materia* canon that "[t]he endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover how the policy of the legislature with reference to the subject-matter has been changed or modified from time to time." *Remus v Grand Rapids*, 274 Mich 577, 581; 265 NW 755 (1936) (quotation marks and citation omitted). The Legislature adopted a 10-year-gap rule but neglected to accompany it with an expansive definition of the word "conviction." And in the same part of the statute, the Legislature declared certain convictions unworthy of scoring. It makes sense to read the two sections together and to conclude that the commission of minor misdemeanors does not eliminate the value of crime-free periods. "[W]ords are chameleons," Judge Learned Hand once said, "which reflect the color of their environment." *Internal Revenue Comm'r v Nat'l Carbide Corp*, 167 F2d 304, 306 (CA 2, 1948). The statutory environment in which the Legislature placed § 50(1) does not countenance the use of minor misdemeanors as sentence enhancers. Accordingly, a conviction that cannot be counted because it lacks probity or predictive value should not be counted.

The facts of this case solidify my conclusion. Defendant committed the offense that destroyed his 10-year-gap eligibility in 1993, seven years before the start of the 12-year period in which he remained otherwise conviction-free. No one knows why his prosecution for "False information to Police; Seatbelt" was delayed for 13 years. But given that the essential purpose of the 10-year-gap rule is to acknowledge the insignificance of

old criminal conduct in predicting future offending, it makes no sense to resurrect defendant's relatively ancient and unscorable misdemeanor to disrupt the rule's operation.

If one harmonizes the word "conviction" with the rest of Part 5 rather than reading it in a vacuum, the term should not reanimate an otherwise irrelevant minor misdemeanor. In the context of the prior record guidelines, and in particular MCL 777.55(2), the word "conviction" should be construed to include only those convictions otherwise relevant in calculating a defendant's sentence. I would remand for resentencing after application of the 10-year-gap rule.